IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JACKIE VAN LEEUWEN,<br><br>    Plaintiff,<br><br><br><br><br>      vs.<br><br><br>SIB MORTGAGE CORP., a New Jersey Corporation; PREMIER TITLE INSURANCE AGENCY, a Utah Corporation; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, a Delaware Corporation; JAMES H. WOODALL, a licensed Utah attorney; et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE<br><br><br><br><br><br>Case No. 2:10-CV-730 TS |

This matter is before the Court on Defendant Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss,[1] Defendant James H. Woodall's Motion to Dismiss,[2] and Defendants James H. Woodall and MERS's Motion to Strike Plaintiff's Amended Complaint.[3]

## I. MOTIONS TO DISMISS

The central theory of Plaintiff's Complaint is that MERS lacks authority to foreclose on the deed of trust and to assign the deed of trust to a successor. This Court has already considered, and rejected, this theory[4] and the Court finds no need to repeat its prior rulings on this issue. Based on these precedents, the Court finds that Plaintiff's claims based on this theory—namely, Plaintiff's First, Third, and Fourth Causes of Action—fail to state a claim upon which relief can be granted and therefore will be dismissed.

Plaintiff further seeks relief against Defendants under the Fair Debt Collection Practices Act ("FDCPA"). Again, this Court has already considered, and rejected, this claim[5] and the Court finds no need to repeat its prior rulings on this issue. Based on this precedent, the Court finds that Plaintiff's Second Cause of Action fails to state a claim upon which relief can be granted and therefore dismisses this claim.

---

[1]Docket No. 7.

[2]Docket No. 9, Ex. 8.

[3]Docket No. 13.

[4]*Witt v. CIT Group/Consumer Finance Inc.*, 2010 WL 4609368 (slip copy) (D. Utah November 5, 2010); *Foster v. BAC Home Loan Servicing, LP*, 2010 WL 3791976 (D. Utah Sept. 22, 2010) (collecting cases).

[5]*Burnett v. Mortgage Electronic Registration Systems, Inc.*, 2009 WL 3582294 (D. Utah Oct. 27, 2009).

In granting Defendants' respective motions to dismiss, the Court notes that neither SBI Mortgage nor Premier Title Insurance Agency were parties to the motions. In reviewing the Notice of Removal, the Court finds it difficult to determine if these parties have ever been served. The Court has carefully reviewed Plaintiff's Complaint and finds no specific allegation as to either of these parties. While Plaintiff has parenthetically noted "(Against all Defendants)"[6] in the headings of the Third and Fourth Causes of Action, nowhere in the preceding paragraphs are SBI Mortgage or Premier Title Insurance Agency mentioned except in the section identifying the parties. Because Plaintiff has failed to plead a cause of action against SBI Mortgage and Premier Title Insurance Agency, the Court will dismiss the Complaint in its entirety.

## II. MOTION TO STRIKE

Defendants Woodall and MERS's Motion to Strike argues that Plaintiff's amended complaint should be stricken under Rule 15 of the Federal Rules of Civil Procedure because Plaintiff failed to obtain written consent from defendants or seek leave of the court to file an amended complaint. Rule 15 provides:

> A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.[7]

Plaintiff filed her Complaint in state court on June 30, 2010. On July 16, 2010, Defendant James H. Woodall filed a 12(b)(6) motion to dismiss. On August 2, 2010, this cause of action was

---

[6]*See* Docket No. 9, Ex. 9 at 23.

[7]Fed.R.Civ.P. 15(a)(1).

removed to this Court.[8]  Without seeking leave of the Court, Plaintiff filed her Amended

Complaint on August 16, 2010.

Defendant argues that Plaintiff's Amended Complaint should be stricken because

Plaintiff should have filed her Amended Complaint within 21 days of Defendant Woodall's July

16, 2010, motion to dismiss—which fell on August 6, 2010.  In response, Plaintiff argues that her

Amended Complaint was timely because under the Utah Rules of Civil Procedure, a party may

amend its pleadings once as a matter of right prior to the filing of a responsive pleading.  Plaintiff

further argues that even if this Court were to use the Federal Rules, the date of the filing of the

Notice of Removal should be treated as the effective date of the filing of the Complaint for

purposes of Rule 15.

The Court finds that both of Plaintiff's arguments fail.  As to Plaintiff's first argument,

Rule 81 of the Federal Rules of Civil Procedure clearly states that "[t]hese rules apply to a civil

action after it is removed from a state court."[9]  Thus, the Federal Rules, not the Utah Rules,

govern this dispute.

As to Plaintiff's second argument, Plaintiff has brought forth no case law that supports

her specific assertion that the effective date is the date of removal, not the filing of the complaint

in state court.  Turning again to Rule 81 of the Federal Rules, it states that "[a]fter removal,

repleading is unnecessary unless the court orders it."[10]  Thus, the Court is to treat all pleadings

---

[8]Docket No. 1.

[9]Fed.R.Civ.P. 81(c)(1).

[10]*Id.* at 81(c)(2).

filed in state court as if they were filed in federal court. While this issue has not been addressed in this circuit, other courts facing similar issues have likewise held that the relevant date for purposes of amendment under Rule 15 is the filing of the original complaint in state court.[11] In light of the foregoing, the Court finds that the filing of Defendant Woodall's July 16, 2010, motion to dismiss is the relevant date and Plaintiff's opportunity to amend her Complaint as a matter of course expired on August 6, 2010. Therefore, Plaintiff's Amended Complaint is untimely and the Court will grant Defendants' Motion to Strike.

The Court notes that even if Plaintiff had sought leave to amend, the Court finds that a review of the Amended Complaint shows that Plaintiff has failed to remedy the aforementioned deficiencies of the original complaint. Therefore, the Amended Complaint would still be subject to dismissal under Fed.R.Civ.P. 12(b)(6) and amendment would be futile.[12]

## III. CONCLUSION

It is therefore

ORDERED that Defendant MERS' Motion to Dismiss (Docket No. 7) is GRANTED. It is further

ORDERED that Defendant James H. Woodall's Motion to Dismiss (Docket No. 9, Ex. 8) is GRANTED. It is further

---

[11]*Reinert v. LSI Corp.*, 2010 WL 2730756, n.19 (E.D. Pa. July 9, 2010) (looking to the date defendant was served with the original state court complaint to determine the Rule 15(a) deadline); *see also CWIAK v. City of Phoenix*, 2010 WL 1742531, at *2 (D. Ariz. April 29, 2010) (treating "the amendment Plaintiff made to her original complaint while in state court as the single 'matter of course' amendment permitted under Rule 15").

[12]*See Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007).

ORDERED that Defendants MERS and James H. Woodall's Motion to Strike Amended Complaint (Docket No. 13) is GRANTED.

This case is hereby DISMISSED WITH PREJUDICE. The Clerk of the Court is directed to close this case forthwith.

DATED   January 4, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge